Thank you your honor. Palmer Hufesthal, of course, for the record. I'm from Helena, Montana. I'm representing Charles Branham in this matter. Mr. Branham was convicted of mitigated delivered homicide in the Montana State Court. He appealed his conviction to the Montana Supreme Court. The Montana Supreme Court affirmed his conviction. He then filed a petition for post-conviction relief that was denied. He appealed that to the Montana Supreme Court and then he filed a petition for review of his sentence pursuant to the Montana Sentence Review Division procedure. And that took about two, three months I think. It's in the record. And it was denied. His sentence was upheld. And so he then filed a petition, 2254 petition, in the court for habeas corpus. And it was dismissed. The issue that this case presents is whether the Montana Sentence Review Division proceedings that he went through delayed the beginning of the statute of limitations or delayed the running beginning of the statute of limitations. There is a case that this is called the Summers v. Schreiro case. We have submitted that case. We've cited it and discussed it in depth. And Schreiro dealt with the Arizona Rule 32 procedure which basically provides for a person who has pled guilty can file this procedure. And that constitutes a form of direct appeal for purposes of running the statute of limitations under the 2244. So, can I ask, in Montana, the sentence review proceeding can take place after post-conviction review. And post-conviction review is collateral for both purposes, is it not? Yes. Yeah, so, isn't it, doesn't it seem strange that there would be, you know, you have direct review in the appeal and then something that we all agree is collateral review and then something that may or may not follow that, that gets treated as direct review? It may be strange, but that's the law in Montana. The Montana Legislature has bifurcated the review process for whatever reason. And counsel, I understand that it's not dispositive, but the Montana Supreme Court in Mormon has specifically said that this is not a direct appeal. And the Montana statute 4621-102 says that a conviction becomes final on the happening of a variety of things that don't include the sentence review commission determination. Why aren't those at least pretty relevant toward our finding that this is collateral? Well, it might be relevant for purposes of, the Mormon case talked entirely in terms of the Montana post-conviction procedure. And I think that it's completely inapplicable. It doesn't apply to the court's analysis here. What applies, I think, to the court's analysis here is the Walby-Coley case and footnote three in particular. Footnote three, the United States Supreme Court talking about Rhode Island's Rule 35 procedure said that we can't imagine an argument that a Rhode Island Rule 35 proceeding is in fact part of direct review under section 2244-D1 because according to the parties, defendants in Rhode Island cannot raise any challenge to their sentences on direct appeal. So the only time in the state of Montana that a defendant or somebody who has been convicted can raise the equitabilities of his sentence is through sentence review. Well, I mean, I think that that is a pretty significant point where the Montana Supreme Court says this sentence review commission can't look at whether there was legal error and can look at the equity of a sentence. And to me, sort of going back a really long time, habeas corpus type petitions, which are, of course, the archetypal collateral, not direct review, are based on equitable principles, not legal principles. And so to me, the fact that in addition to the Montana Supreme Court saying it's not a direct appeal, they're parsing out the legal and the equitable nature of the reviews cuts against your argument that this is direct, not collateral. Well, I don't think so. And I think that Mormon is distinguishable and it's distinguishable because of the fact that it talks about the post-conviction program in Montana. Under post-conviction proceedings, all you can basically argue is ineffective assistance of counsel. You can argue things like that. You cannot bring up the equitabilities of the imposition of a sentence. But you can bring up that it was illegally imposed, that it's beyond what's provided for in the statute, that the court adopted an illegal process in imposing it. You just can't bring up whether it's equitable given other sentences and other general equitable principles, right? Yeah, but those are all legal questions. Those are legal questions that the Supreme Court can bring up. I mean, equitable questions, the equitability questions are reserved for review by the sentence review. Is there any claim that you would, or that a person might present to the sentence review division that would be cognizable on federal habeas? Can you think of anything where you might have the same kind of claim presented in both proceedings? Maybe. For example, in this case, one of the things that we argued was that the pre-sentence report writer had made a recommendation of 40 years with 20 suspended. The district judge or the trial court judge that imposed sentence essentially ignored that recommendation without analysis, without comment, and he simply imposed a 40-year sentence without the possibility of parole. And so when I say maybe, I'm saying that possibly under the Montana sentencing policy, which is cited in the briefing 46-18-101, where they have to talk about punishment, deterrence of protection of the public, things like that, one could argue that, I think, that the district or the trial court sentencing judge did not analyze these factors, and therefore because he didn't analyze these factors when imposing sentence, that is a violation of the Constitution. Due process or illegal, that's a violation of the statutory legal requirement of the imposition of sentence. And so I answered the question maybe. I don't know. Thank you. I see I have a minute and 47 seconds left. I'll reserve the rest for rebuttal. All right. Thank you. Ms. Ployer, whenever you're ready. My name is Mardell Ployer. I'm an assistant attorney general representing the state of Montana. I'd like to begin by addressing the argument that my opposing counsel has made that sentence review has to be collateral because it is the only way to challenge the equity of the sentence. And the state believes that argument is incorrect for two reasons. First, a claim challenging the equity of the sentence is not a cognizable claim for federal Hague's relief because the Montana Supreme Court in its cases addressing sentence review has explained the challenges to the legality of the sentence should be brought on direct appeal in the Montana Supreme Court. Challenges in the sentence review division are simply challenges for equity. The sentence review division was created because Montana has an indeterminate sentencing scheme that gives broad discretion to sentencing judges. And in order to reduce disparities in sentences, the sentence review division was created to allow judges to review for equity. But any challenge to the legality if there's a challenge for due process, a challenge under the Eighth Amendment, those challenges are brought in the Montana Supreme Court on direct appeal. So there's not a cognizable claim that can be raised in the sentence review division. Second, it is significant that as this court recognized in McMonigle, some claims may only be raised in a collateral proceeding. That does not make the proceeding direct review. And the best example of this, which was discussed by the U.S. Supreme Court in Martins v. Bryan is that ineffective assistance of counsel plans can often only be raised in a petition for post-conviction relief. Post-conviction is a collateral remedy, even though it's the only way those claims can be raised. There's nothing wrong with having claims only be raisable in a collateral proceeding. So the fact that an equitable challenge to the sentence has to be brought in sentence review rather than direct appeal does not make the sentence review proceeding direct review. It doesn't change the type of proceeding that it is. Some claims are simply only brought in in a collateral proceeding, and that's why collateral proceedings exist, to allow these other types of remedies to be raised, or other types of claims to be raised. Counsel, what's the relevance of the history here? It used to be that these essentially consolidated into one appeal. And everybody would have agreed that that was a direct form of direct review. And now you have this bifurcated scheme. Why, when the direct review is separated into two pieces, wouldn't it make sense to continue to treat them both as forms of direct review? Your Honor, because this portion of review has been separated into another proceeding. So the question is what type of proceeding it is. And it's important to look at the purpose of Section 2244 and understand what's intended by it. It's intended to start the plot at the conclusion of the direct appeal, and get the time running for the one-year period of limitation. Supreme Court has stated that Section 2244 is intended to encourage prompt filing of federal habeas petitions to protect the federal system from being forced to hear stale claims. The Court has also stated that it's designed to create time constraints. So the purpose is to start the plot when the conviction is presumed to be correct at the conclusion of the direct appeal. And then the plot begins to run. It is cold for any collateral remedy. So if some portion of what could be a direct appeal is taken away and moved to some collateral remedy, that remedy is collateral. So another example would be that in some states, ineffective assistance of counsel claims maybe could be raised on direct appeal. In other states, they have to be raised in post-conviction. But that doesn't change the type of remedy that post-conviction is. It's still a collateral remedy. That is the only way to carry out the purpose of Section 2244 to encourage the prompt filing of claims. Because under Branham's argument, a significant period of time would be added to that one-year period of limitation. In Montana, a petitioner has one year after the conviction becomes final before they need to file their petition for post-conviction relief. Then after a post-conviction is complete, they have another 60 days before they need to file a petition for sentence review. Under Section 2244, those delays are supposed to count against a petitioner. And under Branham's argument, those periods of time would not be counted at all. And that's not what was intended by Section 2244. Can I ask, what about the Montana Supreme Court decision in Ranta that there's a right to counsel in this kind of proceeding? Isn't that suggestive of a view on the part of the Montana Supreme Court that it's more akin to a direct appeal? Yes, Ranta is. That is a good question. It's significant that in Ranta, the Montana Supreme Court was deciding whether counsel should be given to a petitioner for sentence review proceedings. And the court ended up deciding that issue under the Montana Constitution. So what the court focused on in Ranta was whether there was substantial prejudice that a petitioner could suffer in a sentence review proceeding. And they determined there was substantial prejudice. So under the Montana Constitution, because of that prejudice, the court determined that it should appoint counsel to petitioners in a sentence review. But the court did not do a federal analysis. The court did not determine that it was a first appeal of right, which is the analysis that would normally be done under federal law to determine whether counsel should be given. So the court was looking at a different question. It was looking under the Montana Constitution. So that case does not demonstrate that sentence review is direct review. And the court also noted that the United States Supreme Court noted in Coley that there are remedies that are sometimes considered a continuation of the underlying criminal case. And at the same time, they're still a collateral remedy. The court used Section 2255 proceedings and a written court notice as examples of that. So even though they may have some similarities maybe to the original criminal case, it still is a collateral remedy. It's significant that the way the United States Supreme Court discussed collateral remedies in Coley, first of all, although the court threw in that footnote about how it could imagine an argument about it being direct appeal, the analysis in Coley throughout the opinion that the court conducted demonstrated that sentence review is collateral review. The court stated it discussed the other types of remedies that have been termed collateral and stated that it had, quote, little difficulty concluding that a Rhode Island sentence reduction proceeding is collateral. And that's in part because state habeas petitions are collateral, the former federal rule, 35 motions to reduce a sentence, Section 2255 claims, and a written court notice. All of those remedies have been described as collateral. The only thing that, the only case that I'm aware of, the only type of motion that can be filed that is not a direct appeal that has been described as direct review is the motion in Arizona in the Summers case, the Rule 32 of right proceeding, and that's very different because that is essentially the direct appeal that a person in Arizona gets if they have pleaded guilty. They don't get the traditional direct appeal, they get this other type of appeal that Arizona courts have described as the functional equivalent of a direct appeal. This is a very different situation. It's the Montana sentence review proceeding is a very limited remedy. It occurs after the post-conviction process, can be occurring years after the direct appeal is decided, and it is only looking at the equity of the sentence. It's very different than Summers, and Summers is not controlling here. Additionally, it's important to look at how broadly the United States Supreme Court defined collateral review in Coley. The court stated that it was, collateral review is review that is, quote, not part of the direct appeal process. The court used the term direct appeal there. The court also stated that it's separate from direct review. So, in Montana, where the sentence review process is occurring after post-conviction in many cases, and it's not conducted by the Montana Supreme Court, it is certainly separate from the direct review process and not part of the direct appeal process. Also significant that the U.S. Supreme Court in Coley, of course, referred, ended up concluding that that review was collateral, but additionally this court in Rogers v. Sparitor referred to Montana's sentence review process as collateral, stated that it was part of Montana's dual track system for collateral review. Additionally, the 1st, 4th, 10th, and 11th circuits held that sentence review proceedings in Maryland, Massachusetts, Florida, Colorado, and New Mexico are collateral. The state is unaware of any circuit court that has held that sentence review proceedings as direct review. So, I think it's clear that it is collateral review, and I see that my time is about up. So, if you have no further questions, the state asks that this court affirm that this court's order dismissing Bram's petition at this time. Thank you. Mr. Hoofstall, for your rebuttal. Thank you, Your Honor. To begin with, Moorman specifically said that it is not direct review within the context of 46-21-105 subparagraph 8. So, that was specifically analyzed under Montana law. Secondly, the equitabilities of a sentence cannot be reviewed ever in the state of Montana except after having filed a petition for sentence review. That's the only time. In federal court, this court, Court of Appeals, will review the reasonableness of a sentence under CARDI and other applications. So, there is a direct review of the reasonableness, but in Montana, the reasonableness or the equitability of a sentence cannot be reviewed. Finally, in Rogers, the court, and this is consistent with the analysis in Somersee Shrural, in Rogers, the court just assumed, as Judge Kaczynski talked about in the Isley case, it was judicial assumption without consideration, without analysis, and so forth. So, I don't think Rogers is applicable for purposes of determining whether it is collateral or direct review. And that's it. We thank counsel for their helpful arguments. This case is submitted, and with that, we are adjourned for the day and the week. Thank you. This court for this session stands adjourned.
judges: Murphy, Bennett, Miller